## CATER *v.* McDANIEL *& a.*

The court has no power to dispense with any of the requirements of the statute in relation to the taking of depositions.

The want of a written notice of the time and place of caption is fatal, unless the objection is voluntarily waived by the other party.

THIS case was tried in the court below, at the January term, 1850. At a former term, upon motion, and upon its being shown to the court that a material witness, who had been for some time declining with consumption, was likely to die before the close of the term, it was ordered, that a commission should issue to a magistrate to take the deposition of the witness *during the term.* The time and place of taking it were discussed in open court, and assented to by the plaintiff's counsel as being as convenient as any, if the deposition must be taken; but they did not assent to its being taken. The magistrate and counsel for both parties attended, and the deposition was taken. An objection was entered upon the certificate of the taking, on account of the want of due notice; and the witness deceased shortly after. Upon the trial, the deposition thus taken was offered in evidence for the defendants, and objected to, because the justice's certificate did not set forth the hour of the day on which said deposition was taken, nor that the plaintiff was notified, nor the cause of taking the same. The objection was overruled, and the deposition admitted.

A verdict was returned for the defendants, which the plaintiff moves to set aside on account of the admission of this deposition.

*Hobbs* and *Wiggins*, for the plaintiff.

*Wells* and *Christie*, for the defendants.

BELL, J. The first and last of the objections to this deposition might be readily obviated by an amendment of the certificate. But the objection, founded upon the want of a written notice, seems to the Court fatal to the evidence. The Rev.

Stat. ch. 188, § 15, p. 380, *distinctly require* " a notice in writing," " stating the day, hour, and place of taking " the deposition, " to be delivered to the adverse party," &c., " a reasonable time before the taking." The practice of taking depositions in New Hampshire has always been governed by the statutes on that subject from the first organization of the courts, and the courts have no authority to dispense with any of the requirements of the statute.

In ordinary cases, the court regard the appearance of the party as a waiver of any objection on account of the want of due notice ; but in this case, no inference of a waiver can properly be drawn, since the deposition was taken under an order of court, and the appearance cannot therefore be regarded as voluntary.

*New trial granted.*